**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert English TRENT, Defendant–Appellant.**

**No. 13–50608.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 12, 2014.*

Filed March 17, 2015.

Michael Emerson Lasater, Esquire, U.S., Bruce R. Castetter, Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Roseline Dergregorian–Feral, San Diego, CA, for Defendant–Appellant.

Before: HUG, FARRIS, and CANBY, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**MEMORANDUM \*\***

Robert English Trent appeals from the district court's judgment and challenges the 40–month sentence imposed following his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Trent contends that the district court refused to apply the minor role analysis required by the Sentencing Guidelines, the Sentencing Commission, and the law of this Court. In support of these contentions, he claims that the district court denied the minor role adjustment because it took the position that those who drive are not entitled to minor role adjustments, opined that couriers are not lower level offenders, and found the average courier to be an average participant. These claims are belied by the record.

Trent also contends that the district court improperly refused to compare the defendant to other participants in the offense. The record reflects that the district court applied the correct legal standard, relying on the specific facts of the case and determining whether Trent was substantially less culpable than the average participant. See United States v. Hurtado, 760 F.3d 1065, 1068–69 (9th Cir.2014); United States v. Rodriguez–Castro, 641 F.3d 1189, 1193 (9th Cir.2011); United States v. Rosas, 615 F.3d 1058, 1068 (9th Cir.2010); United States v. Cantrell, 433 F.3d 1269, 1283 (9th Cir.2006).

We also reject Trent's contention that, even if the district court correctly interpreted the Sentencing Guidelines, it clearly erred in denying the minor role adjustment. The record supports the district court's determination that Trent failed to

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

carry his burden of proving that he was entitled to the minor role adjustment. *See Hurtado,* 760 F.3d at 1069; *Rodriguez–Castro,* 641 F.3d at 1193; *Cantrell,* 433 F.3d at 1282–83.

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.